UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY LITTLEHALE, et al.,

    Plaintiffs,

    v.

THE HAIN CELESTIAL GROUP, INC. et al.,

    Defendants.

_____/

No. C 11-6342 PJH

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

Defendants The Hain Celestial Group, Inc.'s and JASON Natural Products, Inc.'s motion to dismiss came on for hearing before this court on June 27, 2012. Plaintiffs Mary Littlehale, Skye Astiana, and Tamar Davis Larsen ("plaintiffs") appeared through their counsel, Joseph N. Kravec, Jr. Defendants The Hain Celestial Group, Inc. and JASON Natural Products, Inc. ("defendants") appeared through their counsel, Simon J. Frankel. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' partial motion to dismiss the first amended complaint ("FAC"), for the reasons stated at the hearing, and summarized as follows.

    1.    Defendants' motion to dismiss the FAC's first cause of action, for violation of a written warranty under the Magnuson Moss Warranty Act, is GRANTED as to all plaintiffs. The court is unpersuaded by plaintiffs' argument that the statements "Pure Natural" and "All Natural" are affirmations or promises that the products are defect free. Instead, the court finds that the statements are mere product descriptions, and do not fall within the Magnuson Moss Warranty Act's definition of "warranty." To accept plaintiffs' argument would be to transform most, if not all, product descriptions into warranties against a defect,

and plaintiffs have not articulated any limiting principle to convince the court otherwise.  As a result, plaintiffs' first cause of action is dismissed without leave to amend.

      2.      Defendants' motion to dismiss the FAC's eighth cause of action, for restitution, is GRANTED as to all plaintiffs.  The court finds that, while restitution is available as a remedy for plaintiffs' other causes of action, it is not a standalone cause of action in California and is nonsensical as pled in any event.  See, e.g., Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1370 (2010).  Plaintiffs' eighth cause of action is thus dismissed without leave to amend.  Plaintiffs may still seek restitution as a remedy should liability be established as to their remaining causes of action.

      3.      Defendants' motion to dismiss the FAC's second cause of action, for common law fraud, is GRANTED as to plaintiff Littlehale.  The court finds that there are material differences in the state common law of California and Pennsylvania, and that each state has an interest in applying its own law.  Mazza v. American Honda Motor Co., 666 F.3d 581, 591-594 (9th Cir. 2012).  Specifically, the court finds that California and Pennsylvania law materially differ in their statutes of limitations.  California requires a plaintiff to bring suit within three years of discovering the fraud, whereas Pennsylvania requires a plaintiff to bring suit within two years.  Cal. Code Civ. Proc. § 338(d), 42 Pa. Cons. Stat. § 5542(7).  That one-year difference is material in this case, because it could preclude some of plaintiff Littlehale's claims of fraud, which arise from transactions going back as far as 2009.  Because plaintiff Littlehale's claims are based on transactions that occurred in Pennsylvania, and because under Mazza, the "place of wrong has the predominant interest," the court finds that Pennsylvania's fraud law should apply to her cause of action for fraud.  Mazza, 666 F.3d at 593 (internal citations omitted).  As a result, plaintiff Littlehale's second cause of action is dismissed without leave to amend.

While defendants also pointed out a potential difference in the "intent" required under the laws of California and Pennsylvania, the common law is less than clear on this issue, as some courts have read the "intent to deceive" and the "intent to induce reliance"

as a single requirement.  See, e.g., Small v. Fritz, 30 Cal.4th 167, 173 (2003) (elements of fraud include "(c) intent to defraud, i.e. to induce reliance").  Even though there arguably may be a difference, the court does not rely on this argument.

      4.    Defendants' motion to dismiss the FAC's remaining causes of action, for statutory violations of California's Unfair Competition Law ("UCL"), false advertising law, and Consumers Legal Remedies Act ("CLRA") (together, the "consumer protection laws") is GRANTED as to plaintiff Littlehale's claims.  The court finds that there are material differences in the consumer protection laws of California and Pennsylvania.  Specifically, the court finds the availability of treble damages in Pennsylvania, but not California, constitutes a material difference between the laws of the two states.  Mazza found that differences in remedies can constitute material differences.  Mazza, 666 F.3d at 591.  The court does not agree with plaintiffs' assertion that the availability of punitive damages in California makes up for the lack of treble damages, as they are based on different theories of relief.  Moreover, treble damages may be awarded upon a simple finding of liability whereas punitive damages depend on a further showing in addition to liability.  Accordingly, for the same reasons described above with respect to the second cause of action, the court finds that plaintiff Littlehale's claims brought under the consumer protection laws should be governed by Pennsylvania law, and are thus dismissed without leave to amend.

Thus, the first and eighth causes of action are dismissed with prejudice and plaintiff Littlehale is dismissed from this case.  No later than July 16, 2012, plaintiffs shall file a second amended complaint which omits Littlehale and the first and eighth causes of action, and which re-numbers the second through seventh causes of action which otherwise remain unchanged.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge