IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTIANA,<br><br>        Plaintiff,<br><br>  v.<br><br>THE HAIN CELESTIAL GROUP, INC. ET AL,<br><br>        Defendant.<br>_____/ | No. C -11-06342(EDL)<br><br>**ORDER REGARDING PLAINTIFF'S OCTOBER 18, 2012 DISCOVERY LETTER** |

       On September 25, 2012, this Court held a hearing on a motion to compel various categories of discovery. Following the hearing, the parties submitted dueling proposed orders and the Court issued an Order reflecting what was decided at the hearing. Dkt. # 83. On October 17, Defendant filed a letter pointing out that, while the Order stated that no discovery had been taken in three other cases that were discussed at the hearing, technically Defendant had only stated that no discovery had been taken in two of the other cases and did not state that no discovery had been taken in *Brown v. The Hain Celestial Group, Inc*., 11-CV-3082-LB (N.D. Cal.) (though Defendant did not correct the Court when the Court stated its understanding that no discovery had been taken in any of the three other cases). Dkt. # 84. Because Defendant was technically correct, the Order was amended to remove the statement that no discovery had been taken in the *Brown* case. Dkt. # 85.

       On October 18, Plaintiff filed a letter arguing that this minor change in the Order now makes it unclear what discovery has been ordered regarding the *Brown* case. Plaintiff contends that because Defendant now admits that some discovery has been taken in *Brown*, Plaintiff is entitled to that discovery. However, *Brown* involves the term "organic," not the "natural" and "all natural" terms at issue in this case. It appears that there may be different standards for labeling "organic" versus "natural." *Brown* also involves some different products than those at issue in this case,

though the scope of the products at issue in this case is still unclear. Therefore, not all of the discovery taken in the *Brown* case is relevant to Plaintiff's claims in this case. Instead, the only relevant documents would be those relating to the products currently at issue in this case that relate to representations that the products are "natural" or "all natural" or the like. Documents relating more generally to product labeling or to representing the products as "organic" would not be relevant. Based on this direction, Defendant is ordered to produce relevant documents from the *Brown* litigation to Plaintiffs.

IT IS SO ORDERED.

Dated: October 22, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

2