UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SKYE ASTIANA, et al.,

    Plaintiffs,

    v.

THE HAIN CELESTIAL GROUP, INC., et al.,

    Defendants.

Case No. 11-cv-6342-PJH

**ORDER GRANTING MOTION TO STAY**

Before the court is defendants' motion to stay. Defendants seek a stay based on two grounds: (1) the need to refer this case to the FDA based on the finding of this court and the Ninth Circuit that the primary jurisdiction doctrine applies, and (2) the pendency of two cases before the Ninth Circuit involving issues relevant to this case.

Regarding issue (1), the Ninth Circuit held that this court "properly invoked the primary jurisdiction doctrine," but "erred by dismissing the case rather than issuing a stay pending potential agency action" by the FDA. Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 756 (9th Cir. 2015). On remand, the Ninth Circuit held that this court "may consider whether events during the pendency of this appeal have changed the calculus on whether further FDA proceedings are necessary." Id. Specifically, the Ninth Circuit pointed to "Astiana's informal letter, the FDA's website publication of a Small Business Fact Sheet regarding cosmetics labeling, and the FDA's response to other courts," and directed this court to consider whether those events "affect the need for further proceedings at the FDA or demonstrate that another referral to the agency would be futile." Id. at 762. The court also made clear that "a court should not invoke primary

1  jurisdiction when the agency is aware of but has expressed no interest in the subject
2  matter of the litigation." Id. at 761.

3  While defendants argue that plaintiffs' letter to the FDA "should be disregarded"
4  because it was procedurally improper given the pendency of the appeal and the lack of
5  any judicial referral, the court still finds the substance of the exchange relevant to
6  whether a referral at this time would be futile. The sequence of events is as follows.

7  After this court dismissed the complaint on primary jurisdiction grounds, plaintiffs'
8  counsel (Joseph Kravec) sent a letter to the FDA stating that this case "has been referred
9  by the Honorable Phyllis J. Hamilton . . . to the [FDA] for an administrative determination
10 on the meaning of the term 'natural' when used on cosmetics labels." The letter then
11 summarized the case, and requested that the FDA either make an administrative
12 determination on the meaning of "natural" in this context, or advise that it declines to
13 make a determination.

14 Although the letter was sent in December 2012, defendants' counsel apparently
15 did not find out about it until February 2013. Defendants' counsel then sent their own
16 letter to the FDA, telling the FDA that the court "did not refer any question to the FDA,"
17 and instead simply dismissed the case. Thus, in defendants' view, the FDA was not
18 obligated to respond to the Kravec letter.

19 The FDA responded to the Kravec letter in March 2013. The letter explains the
20 importance of transparency to agency proceedings, and that it would not take any action
21 on the "natural" definition without going through a notice-and-comment process. The
22 FDA letter also explains that its resources are fully occupied with health and safety
23 matters, so proceedings to define "natural" "do not fit within our current health and safety
24 priorities." The letter concludes by stating that "we respectfully decline to make a
25 determination regarding the term 'natural' in cosmetic labeling at this time."

26 Despite the questionable means by which the issue was brought before the FDA,
27 the court does find that the FDA's letter shows that the "agency is aware of but has
28 expressed no interest in the subject matter of the litigation." Thus, the court finds that a

formal referral would be futile, and thus DENIES the motion to stay to the extent that it is based on the need for FDA referral.

However, as to (2), the court agrees that a stay is warranted based on the pendency of two appeals before the Ninth Circuit, <u>Jones v. ConAgra Foods, Inc.</u> and <u>Brazil v. Dole Packaged Foods, LLC</u>.  As the parties point out, both cases involve issues relating to class certification and damages that will apply equally to this case.  Notably, plaintiffs do not oppose a stay, and acknowledge that "[c]hanges in the legal landscape could potentially require the parties supplement class certification discovery or briefing that occurred in the interim."  However, plaintiffs argue that any stay should be limited to six months.

A district court has discretionary power to stay proceedings in its own court. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).  Specifically, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).

Courts considering a stay should look at: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  <u>CMAX Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

The court agrees with the parties that the above factors support a stay.  However, given that any stay would be based on the pendency of the <u>Jones</u> and <u>Brazil</u> appeals, rather than on any other basis urged by the parties, the court sees no benefit to limiting the stay to six months.  Instead, the stay will be lifted after the Ninth Circuit issues a ruling on both <u>Jones</u> and <u>Brazil</u>.  The motion to stay is thus GRANTED, and the parties shall submit a status statement within fourteen days of the resolution of both <u>Jones</u> and <u>Brazil</u>.

3

1
2 **IT IS SO ORDERED.**
3 Dated: October 9, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

4